FILED
...D DISTRICT COURT
11 SEP 16  PM 4: 20
.. LAKE DEPARTMENT
BY_____
DEPUTY CLERK

Kevin N. Anderson (0100)
Jason W. Hardin (8793)
FABIAN & CLENDENIN,
 a Professional Corporation
215 South State Street, Suite 1200
Salt Lake City, Utah  84111-2323
Telephone:     (801) 531-8900
Facsimile:     (801) 596-2814
kanderson@fabianlaw.com
jhardin@fabianlaw.com

Attorneys for Defendants Intermountain Power Agency
and Los Angeles Department of Water and Power

IN THE THIRD JUDICIAL DISTRICT COURT

IN AND FOR SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| MITCH HORTON,<br><br>Plaintiff,<br><br>vs.<br><br>MURRAY ENERGY CORPORATION, an Ohio corporation; UTAHAMERICAN ENERGY, INC., a Utah corporation; ANDALEX RESOURCES, INC., a Delaware corporation; AGAPITO ASSOCIATES, INC., a Colorado corporation; INTERMOUNTAIN POWER AGENCY (IPA), a political subdivision of the State of Utah; LOS ANGELES DEPARTMENT OF WATER AND POWER (LADWP), a political subdivision of the State of California; and JOHN DOES 1-10,<br><br>Defendants. | **DECLARATION OF JAMES A. HEWLETT IN SUPPORT OF MOTION TO DISMISS DEFENDANTS INTERMOUNTAIN POWER AGENCY AND LOS ANGELES DEPARTMENT OF WATER AND POWER**<br><br>Civil No. 110916617<br><br>Judge Sandra N. Peuler |

I, James A. Hewlett, make the following statement under the penalty of perjury of the laws of the United States of America and the laws of the State of Utah.

1. I am over the age of eighteen (18).

2. I have been an employee of Intermountain Power Agency ("IPA") since 1981 and have served as the General Manager of IPA since December 2007.

3. If IPA receives any legal documents, such as a notice of claim, it is forwarded to me.

4. I have conducted an inquiry within IPA to determine if IPA received a notice of claim or any other document from Mr. Mitch Horton or his attorneys and agents since August 2007.

5. Other than a Summons and Complaint in this matter which were served on me on August 5, 2011, IPA has not received a notice of claim or any other document from Mr. Horton, his attorney or his agents from August 2007 until the present date.

DATED this _____ day of September, 2011.

James A. Hewlett

2

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16 day of September, 2011, I caused a true and correct

copy of the foregoing **DECLARATION OF JAMES A. HEWLETT IN SUPPORT OF**

**MOTION TO DISMISS DEFENDANTS INTERMOUNTAIN POWER AGENCY AND**

**LOS ANGELES DEPARTMENT OF WATER AND POWER** to be delivered via United

States Mail, postage pre-paid, to:

> Sonny J. Olsen
> Dusten L. Heugly
> Daniel W. McKay
> HEIDEMAN, McKAY, HEUGLY, & OLSEN, LLC
> 2696 North University Avenue, Suite 180
> Provo, UT  84604

Tonya Burdash

4848-9382-5546, v. 1

FILED
DISTRICT COURT

11 SEP 16 AM 11: 23

THIRD JUDICIAL DISTRICT
SALT LAKE COUNTY

BY_____
DEPUTY CLERK

Kevin N. Anderson (0100)
Jason W. Hardin (8793)
FABIAN & CLENDENIN,
 a Professional Corporation
215 South State Street, Suite 1200
Salt Lake City, Utah  84111-2323
Telephone:   (801) 531-8900
Facsimile:   (801) 596-2814
kanderson@fabianlaw.com
jhardin@fabianlaw.com

Attorneys for Defendants Murray Energy Corporation,
UtahAmerican Energy, Inc. and Andalex Resources, Inc.


IN THE THIRD JUDICIAL DISTRICT COURT

IN AND FOR SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| MITCH HORTON,<br><br>      Plaintiff,<br><br>vs.<br><br>MURRAY ENERGY CORPORATION, an Ohio corporation; UTAHAMERICAN ENERGY, INC., a Utah corporation; ANDALEX RESOURCES, INC., a Delaware corporation; AGAPITO ASSOCIATES, INC., a Colorado corporation; INTERMOUNTAIN POWER AGENCY (IPA), a political subdivision of the State of Utah; LOS ANGELES DEPARTMENT OF WATER AND POWER (LADWP), a political subdivision of the State of California; and JOHN DOES 1-10,<br><br>      Defendants. | **MEMORANDUM IN SUPPORT OF MOTION FOR MORE DEFINITE STATEMENT**<br><br>Civil No. 110916617<br><br>Judge Sandra N. Peuler |

Defendants Murray Energy Corporation, UtahAmerican Energy, Inc., and Andalex Resources, Inc. (collectively, "**Defendants**") respectfully submit this Motion for More Definite Statement in the Complaint and Jury Demand.

## INTRODUCTION

Typically, defendants take allegations of injury at face value. While Defendants here are inclined to do so, there are compelling reasons to request that Mr. Horton ("**Plaintiff**") clarify that he was in fact *physically* injured on August 16, 2007 while in the Crandall Canyon Mine ("**Mine**") and where and to what extent he was physically injured.

Two things make this case different from the "typical" case. First, years ago, much closer in time to the events leading to the alleged injury, Defendants went through a significant effort to identify everyone who was, or claimed to be, injured in any way in connection with the tragic events of August 2007 at the Mine. Mr. Horton's name never came up. Three separate lawsuits were filed against Defendants in 2008. These cases involved numerous plaintiffs and received widespread media attention. Mr. Horton's name never came up. In an effort to avoid lengthy and contentious civil litigation, Defendants engaged in meaningful, and eventually successful, settlement discussions. The settlement culminated almost a year of negotiations. It was intended by everyone involved to be global—ultimately involving sixteen (16) groups of plaintiffs, totaling over fifty (50) individuals. And during the negotiations that led to this global settlement, Defendants repeatedly asked those involved whether there were other potentially injured parties. Mr. Horton's name never came up. Yet, years later, and just eleven days before the last of the statutes of limitations expired, Mr. Horton's name came up.

2

This case is also different because Defendants are aware of a government report by the federal agency designated to investigate mine disasters, the U.S. Department of Labor, Mine Safety and Health Administration ("**MSHA**"),[1] which identifies those individuals that MSHA determined had been injured in the August 16, 2007 accident.  The report specifically states that Plaintiff was "not injured."

While the Complaint does recite generally that Plaintiff suffered "permanent physical and emotional injuries" (Compl. ¶ 86), and "emotional distress resulting in illness or bodily harm" (Compl. ¶ 95), these allegations are only made under the specific causes of action and appear merely to recite the elements of the asserted cause of action.  All of the factual allegations preceding these causes of action are ambiguous—stating broadly that Plaintiff was "injured." The only allegation that contains references to more specific injuries includes only emotional and psychological injuries:  "pain and suffering, fear of death, uncertainty of his predicament, and emotional and mental distress."  (Compl. ¶ 83.)

Rather than asking for a more definite statement, Defendants could have sought dismissal of the Complaint:  "[M]ere conclusory allegations in a pleading, unsupported by a recitation of relevant surrounding facts, are insufficient to preclude dismissal."  *Commonwealth Property Advocates, LLC v. Mortg. Electronic Registration System, Inc.*, 2011 UT App 232, ¶ 16 (referencing, among others, citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), which

---

[1]      By no means are Defendants suggesting that the MSHA Report was in the least bit accurate.  To the contrary, the analyses conducted and facts cited by MSHA are less than compelling and in several important respects are inaccurate and flawed.  Defendants believe that MSHA rushed to complete its report, and that its investigation appears to have been tainted in part by months of relentless political clamoring to lay blame on others for the tragic events.  Defendants would welcome Plaintiff's agreement that MSHA got it wrong.

articulated a "plausibility standard" for pleading). But given the severity of the event during the rescue on August 16, 2007, and the undisputed fact that Plaintiff was somewhere underground at that time, Defendants believe allowing Plaintiff to correct the Complaint's deficiencies at the outset may preserve judicial resources and give Defendants additional facts they need to evaluate the case.

## FACTS

1.    Plaintiff was a rescuer of several trapped miners in the Crandall Canyon Mine Disaster. (Compl. ¶ 11.)

2.    Plaintiff alleges that he was "injured" on August 16, 2007, while attempting to rescue the trapped miners. (Compl. ¶ 11.)

3.    Plaintiff also alleges that he "observed the injuries and deaths and the circumstances leading to the injuries and deaths of his colleagues who were also attempting to rescue the victims." (Compl. ¶ 11.) These allegations suggest emotional "injury," not a physical injury.

4.    On August 16, 2007, an "explosive bounce" occurred near the site of the rescue operations ongoing at the Mine. Nine rescuers were caught in the bounce. Three miners, Dale Black, Brandon Kimber, and Gary Jensen were killed. Plaintiff alleges that six other rescuers, including the Plaintiff, were "injured." (Compl. ¶ 64.)

5.    Plaintiff alleges that Defendants negligently, recklessly, or intentionally directly and proximately caused the "explosive bounces" described above and the subsequent fatalities of Plaintiff's colleagues and caused the "significant injuries" of Plaintiff. (Compl. ¶ 73.)

4

6.     Plaintiff alleges that Defendants caused him extreme emotional suffering, fear, and upset.  (Compl. ¶ 75.)

7.     As part of his First Cause of Action, Personal Injuries - All Defendants, Plaintiff alleges that on August 16, 2007, he was attempting to rescue the men trapped in the mine when another mine "bounce" and subsequent collapse occurred, "severely injuring" him.  (Compl. ¶ 79.)  The Complaint does not specify in what manner or how he was "severely" injured by the bounce and subsequent collapse or whether those allegedly severe injuries were physical and, if so, to what part of his body.  (*See generally* Compl.)  And the Complaint does not allege that Plaintiff actually witnessed the bounce that led to those other injuries or was present in the immediate area of the bounce when it occurred.  (*See id.*)

8.     As part of his First Cause of Action, Plaintiff also alleges that Defendants negligently, recklessly, or intentionally directly and proximately caused his "severe injuries."  (Compl. ¶ 81.)

9.     As part of his First Cause of Action, Plaintiff alleges that he "has suffered severe and permanent injuries, including pain and suffering, fear of death, uncertainty of his predicament, and emotional and mental distress."  (Compl. ¶ 82.)

10.    As part of his Second Cause of Action, Loss of Consortium - All Defendants, Plaintiff alleges that his "severe and significant permanent physical and emotional injuries ... have substantially changed his lifestyle."  (Compl. ¶ 86.)

11.     As part of his Fifth Cause of Action, Infliction of Emotional Distress – Murray Energy, UEI, and Andalex, Plaintiff alleges that Defendants "caused severe emotional distress resulting in illness or bodily harm to Plaintiff." (Compl. ¶ 95.)

12.     The Complaint does not otherwise discuss or mention the nature, type or extent of Plaintiff's alleged physical or other injuries.

13.     The official MSHA "Report of Investigation, Underground Coal Mine, Fatal Underground Coal Burst Accidents, August 6 and 16, 2007, Crandall Canyon Mine" ("**MSHA Report**"), states that Plaintiff was "not injured."

> **Horton** and [two other miners] **had just walked out of the clean-up area when the burst occurred behind them**. [One of the miners] was knocked down by the thrown material and injured his back. He was able to stand, but had difficulty seeing and breathing in the heavy dust. [The other miner] **and Horton were not injured**.

MSHA Report at 28 (emphasis added).  A copy of the portion of the MSHA Report titled "August 16 Accident Description" is attached as Exhibit 1.  Contrary to Plaintiff's allegations, the MSHA Report does <u>not</u> include Plaintiff as one of those six injured miners:

> The August 16, 2007, accident resulted in fatal injuries to rescue workers Dale Black and Brandon Kimber and MSHA coal mine inspector Gary Jensen.  Randy Bouldin, Lester Day, Carl Gressman, Casey Metcalf, Jeff Tripp, and MSHA coal mine inspector Frank Markosek suffered severe injuries.

*Id.* at 33.

## ARGUMENT

## I.   THE COURT SHOULD ORDER A MORE DEFINITE STATEMENT REGARDING ANY PHYSICAL INJURIES.

A Motion for More Definite Statement is governed by Rule 12(e) of the Utah Rules of

Civil Procedure, which states:

> If a pleading to which a responsive pleading is permitted is so vague or
> ambiguous that a party cannot reasonably be required to frame a
> responsive pleading, the party may move for a more definite statement
> before interposing a responsive pleading.

"Trial courts have wide discretion in applying [Rule 12(e).]"  *Liquor Control Comm'n v. Athas*,

243 P.2d 441, 443 (Utah 1952).  In *Athas*, the Utah Supreme Court held that a motion for more

definite statement is appropriate when the "complaint is indefinite, ambiguous, or vague in either

factual allegations or legal theory to such an extent that the moving party cannot reasonably be

required to frame his responsive pleading."  *Athas*, 243 P.2d at 443; *see also Zoumadakis v.

Uintah Basin Med. Ctr., Inc.*, 2005 UT App 325, ¶3, n.1 ("[A] motion for a more definite

statement is available if a defendant feels it needs a more detailed recitation of a plaintiff's claim

before it can respond intelligently.") (citing *Whipple v. American Fork Irrigation Co.*, 910 P.2d

1218, 1222, n.3 (Utah 1996)).

In his concurring opinion, Chief Justice Wolfe explained, "If a pleading is such that on

the surface it appears definite and certain, but within the scope of reasonable interpretation it is

revealed that two or more meanings could be taken from the pleading, then the motion for a more

definite statement or for clarification to pin the pleading down so as not to be ambulatory would

appear in order."  *Athas*, 243 P.2d at 444.  Further, Justice Wolfe emphasized, "I agree that trial

courts have wide discretion in applying Rule 12(e), U.R.C.P.  I think that discretion may be

7

wisely used to the end of assisting the court and counsel in framing clear and definite issues . . . ." *Id.* For example, in *Athas*, the Court upheld an order under Rule 12(e) where the complaint's "loose and at times inconsistent use of the words 'defendant' and 'defendants'" led to "confusion and ambiguity in both legal theory and fact" as to the claims the plaintiff was making against the defendant. *Athas*, 243 P.2d at 461-62. The Court emphasized that "it was well within the discretion of the trial court to grant the motion for a more definite statement." *Id.* at 462.

Here, the Court should exercise its discretion and order a more definite statement because the Complaint is vague and unclear as to whether Plaintiff was in fact *physically* injured and, if so, how, where and to what extent he was physically injured. This is significant. The Complaint reads more like a post-traumatic stress injury than a physical injury. This is not enough. Negligence claims require physical or bodily injury. Restatement (Second) of Torts § 436A. A claim for negligent infliction of emotional distress requires proof of some actual illness or bodily harm resulting from the distress. Restatement (Second) of Torts § 313. The Complaint contains only two references to "physical" or "bodily" injury, and those references simply mimic the general elements of the causes of action and provide no details whatsoever regarding what types of physical injuries occurred, when they occurred, how they occurred, and what they entailed. Moreover, the publicly available MSHA Report says he was not injured and had just walked out of the area prior to the bounce. Without the necessary details of Plaintiff's physical or bodily injuries in the Complaint, Defendants cannot adequately frame a response to Plaintiff's allegations, including identifying all applicable defenses.

8

In addition, Utah's loss of consortium statute, Utah Code Ann. § 30-2-11, which relates to Plaintiff's Third Cause of Action, sets forth a precise definition of "injury" or "injured." The statute requires "a significant permanent injury to a person that substantially changes that person's lifestyle and includes the following: (i) a partial or complete paralysis of one or more of the extremities; (ii) significant disfigurement; or (iii) incapability of the person of performing the types of jobs the person performed before the injury." Utah Code Ann. § 30-2-11(1)(a). Plaintiff has not alleged any facts supporting these elements.

In sum, Defendants cannot reasonably frame a responsive pleading and intelligently assert all of its defenses and counterclaims until the nature and extent of Plaintiff's claimed injuries are made clear.

## CONCLUSION

For the foregoing reasons, the Court should grant Defendants' Motion for More Definite Statement.

DATED this 16th day of September, 2011.

Kevin N. Anderson, Esq.
Jason W. Hardin, Esq.
Fabian & Clendenin,
  a Professional Corporation

Attorneys for Defendants Murray Energy
Corporation, UtahAmerican Energy, Inc. and
Andalex Resources, Inc.

9

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of September, 2011, I caused a true and correct copy

of the foregoing **MEMORANDUM IN SUPPORT OF MOTION FOR MORE DEFINITE**

**STATEMENT** to be delivered via United States Mail, postage pre-paid, to:

> Sonny J. Olsen
> Dusten L. Heugly
> Daniel W. McKay
> HEIDEMAN, McKAY, HEUGLY, & OLSEN, LLC
> 2696 North University Avenue, Suite 180
> Provo, UT  84604

4833-5144-1930, v.  1

10

FILED
DISTRICT COURT

11 SEP 16 AM11: 23

THIRD JUDICIAL DISTRICT
SALT LAKE COUNTY

BY _____
DEPUTY CLERK

Kevin N. Anderson (0100)
Jason W. Hardin (8793)
FABIAN & CLENDENIN,
 a Professional Corporation
215 South State Street, Suite 1200
Salt Lake City, Utah  84111-2323
Telephone:    (801) 531-8900
Facsimile:    (801) 596-2814
kanderson@fabianlaw.com
jhardin@fabianlaw.com

Attorneys for Defendants Murray Energy Corporation,
UtahAmerican Energy, Inc. and Andalex Resources, Inc.

IN THE THIRD JUDICIAL DISTRICT COURT

IN AND FOR SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| MITCH HORTON,<br><br>        Plaintiff,<br><br>vs.<br><br>MURRAY ENERGY CORPORATION, an Ohio corporation; UTAHAMERICAN ENERGY, INC., a Utah corporation; ANDALEX RESOURCES, INC., a Delaware corporation; AGAPITO ASSOCIATES, INC., a Colorado corporation; INTERMOUNTAIN POWER AGENCY (IPA), a political subdivision of the State of Utah; LOS ANGELES DEPARTMENT OF WATER AND POWER (LADWP), a political subdivision of the State of California; and JOHN DOES 1-10,<br><br>        Defendants. | **MOTION FOR MORE DEFINITE STATEMENT**<br><br>Civil No. 110916617<br><br>Judge Sandra N. Peuler |

Defendants Murray Energy Corporation, UtahAmerican Energy, Inc., and Andalex Resources, Inc. (collectively, "**Defendants**") hereby move the Court for a More Definite Statement in the Complaint and Jury Demand on the grounds that the Complaint is vague and ambiguous as to the nature of Plaintiff's injuries that are the basis for his claims.  This motion is supported by a memorandum filed concurrently herewith.

DATED this 16th day of September, 2011.

Kevin N. Anderson, Esq.
Jason W. Hardin, Esq.
Fabian & Clendenin,
  a Professional Corporation

Attorneys for Defendants Murray Energy
Corporation, UtahAmerican Energy, Inc. and
Andalex Resources, Inc.

2

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of September, 2011, I caused a true and correct copy

of the foregoing **MOTION FOR MORE DEFINITE STATEMENT** to be delivered via United

States Mail, postage pre-paid, to:

        Sonny J. Olsen
        Dusten L. Heugly
        Daniel W. McKay
        HEIDEMAN, McKAY, HEUGLY, & OLSEN, LLC
        2696 North University Avenue, Suite 180
        Provo, UT  84604

4850-2922-9066, v.  1

3

FILED
·E·DISTRICT COUR

11 SEP 16  PM 4: 20

L· LAKE DEPARTMENT

BY_____
    DEPUTY CLERK

Kevin N. Anderson (0100)
Jason W. Hardin (8793)
FABIAN & CLENDENIN,
 a Professional Corporation
215 South State Street, Suite 1200
Salt Lake City, Utah 84111-2323
Telephone:    (801) 531-8900
Facsimile:     (801) 596-2814
kanderson@fabianlaw.com
jhardin@fabianlaw.com

Attorneys for Defendants Intermountain Power Agency,
and Los Angeles Department of Water and Power.

## IN THE THIRD JUDICIAL DISTRICT COURT

## IN AND FOR SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| MITCH HORTON, | ) |
| | ) |
| Plaintiff, | ) **MOTION TO DISMISS DEFENDANTS** |
| | ) **INTERMOUNTAIN POWER AGENCY** |
| vs. | ) **AND LOS ANGELES DEPARTMENT** |
| | ) **OF WATER AND POWER** |
| MURRAY ENERGY CORPORATION, an | ) |
| Ohio corporation; UTAHAMERICAN | ) Civil No. 110916617 |
| ENERGY, INC., a Utah corporation; | ) |
| ANDALEX RESOURCES, INC., a | ) Judge Sandra N. Peuler |
| Delaware corporation; AGAPITO | ) |
| ASSOCIATES, INC., a Colorado | ) |
| corporation; INTERMOUNTAIN POWER | ) |
| AGENCY (IPA), a political subdivision of | ) |
| the State of Utah; LOS ANGELES | ) |
| DEPARTMENT OF WATER AND POWER | ) |
| (LADWP), a political subdivision of the | ) |
| State of California; and JOHN DOES 1-10, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Defendants Intermountain Power Agency ("**IPA**") and the Los Angeles Department of Water and Power ("**LADWP**") respectfully submit this Motion to Dismiss Plaintiff's Complaint against IPA and LADWP.

IPA and LADWP are governmental entities and as such are immune from suit except as provided by the Utah Governmental Immunity Act ("**UGIA**") and the California Government Claims Act ("**CGCA**"). Before bringing a lawsuit against IPA and LADWP, Plaintiff was required to provide a notice of claim to IPA and LADWP in the time and manner prescribed by the UGIA and CGCA. Failure to meet the notice requirements deprives the trial court of subject matter jurisdiction. Plaintiff has not provided IPA or LADWP with any notice of claim to date, and the deficiency cannot be cured. Accordingly, this court does not have subject matter jurisdiction over Plaintiff's claims against IPA and LADWP.

IPA and LADWP therefore move this court to dismiss Plaintiff's complaint against IPA and LADWP with prejudice. This motion is supported by a memorandum in support and the Declarations of Declaration of J. R. White and James A. Hewlett, filed concurrently.

DATED this 16th day of September, 2011.


Kevin N. Anderson, Esq.
Jason W. Hardin, Esq.
Fabian & Clendenin,
  a Professional Corporation

Attorneys for Defendants Intermountain Power Agency, and Los Angeles Department of Water and Power.

2

## CERTIFICATE OF SERVICE

I hereby certify that on this __16__ day of September, 2011, I caused a true and correct

copy of the foregoing **MOTION TO DISMISS DEFENDANTS INTERMOUNTAIN**

**POWER AGENCY AND LOS ANGELES DEPARTMENT OF WATER AND POWER** to

be delivered via United States Mail, postage pre-paid, to:

> Sonny J. Olsen
> Dusten L. Heugly
> Daniel W. McKay
> HEIDEMAN, McKAY, HEUGLY, & OLSEN, LLC
> 2696 North University Avenue, Suite 180
> Provo, UT  84604

FILED
3RD DISTRICT COURT

11 SEP 16  PM 4: 20

SALT LAKE DEPARTMENT

BY‗‗‗‗‗‗‗‗‗‗
    DEPUTY CLERK

Kevin N. Anderson (0100)
Jason W. Hardin (8793)
FABIAN & CLENDENIN,
 a Professional Corporation
215 South State Street, Suite 1200
Salt Lake City, Utah  84111-2323
Telephone:    (801) 531-8900
Facsimile:    (801) 596-2814
kanderson@fabianlaw.com
jhardin@fabianlaw.com

Attorneys for Defendants Intermountain Power Agency,
and Los Angeles Department of Water and Power

## IN THE THIRD JUDICIAL DISTRICT COURT

## IN AND FOR SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| MITCH HORTON, <br><br> Plaintiff, <br><br> vs. <br><br> MURRAY ENERGY CORPORATION, an Ohio corporation; UTAHAMERICAN ENERGY, INC., a Utah corporation; ANDALEX RESOURCES, INC., a Delaware corporation; AGAPITO ASSOCIATES, INC., a Colorado corporation; INTERMOUNTAIN POWER AGENCY (IPA), a political subdivision of the State of Utah; LOS ANGELES DEPARTMENT OF WATER AND POWER (LADWP), a political subdivision of the State of California; and JOHN DOES 1-10, <br><br> Defendants. | **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS DEFENDANTS INTERMOUNTAIN POWER AGENCY AND LOS ANGELES DEPARTMENT OF WATER AND POWER** <br><br> Civil No. 110916617 <br><br> Judge Sandra N. Peuler |

Defendants Intermountain Power Agency ("**IPA**") and the Los Angeles Department of Water and Power ("**LADWP**") (collectively, "**Defendants**") respectfully submit this Memorandum in Support of their Motion to Dismiss Plaintiff's Complaint against IPA and LADWP ("**Motion**").

## INTRODUCTION

On August 6, 2007, the Crandall Canyon Mine ("**Mine**") collapsed, trapping six miners. Rescue operations immediately ensued. On August 16, 2007, during the rescue, a localized, yet forceful, bounce occurred, resulting in three fatalities and injuries to six others. Plaintiff alleges that he was involved in the August 16, 2007 accident. The Crandall Canyon accidents were accompanied by intense media coverage. Three separate lawsuits were filed against Defendants in 2008. The lawsuits also received widespread media attention. The plaintiffs in those lawsuits were members of Plaintiff's community. Less than two years after the accidents, and after nearly a year of negotiations, the parties to the lawsuits reached a global settlement with approximately fifty (50) plaintiffs, seven (7) defendants (five companies and two public entities), and six (6) insurance companies. Again, the settlement of the lawsuits received widespread media attention. Plaintiff must have been aware of the lawsuits and the settlement. Yet, he waited until the eve of the expiration of the statutes of limitation to file his lawsuit, which names IPA and LADWP as defendants, among others.

IPA and LADWP are governmental entities and as such are immune from suit under the Utah Governmental Immunity Act ("**UGIA**") and the California Government Claims Act

2

("**CGCA**").[1] The UGIA and CGCA only waive immunity and allow lawsuits against governmental entities under certain limited circumstances. To qualify for the waiver, an injured party must provide notice of his or her claim to the governmental entity within the time and in the manner prescribed by the statutes. Failure to meet the notice requirements deprives the trial court of subject matter jurisdiction.

Plaintiff did not provided IPA or LADWP with the required notices of his claim to date, and the deficiency cannot be cured. Accordingly, Plaintiff's claims against IPA and LADWP are barred and the Court must dismiss those claims with prejudice.

<h3 style="text-align:center">FACTUAL BACKGROUND</h3>

1. Plaintiff's Complaint relates to events alleged to have occurred on August 16, 2007 at the Mine. (Compl. ¶ 11.)

2. IPA is a political subdivision of the State of Utah. (Compl. ¶ 6.)

3. LADWP is a political subdivision of the State of California. (Compl. ¶ 7.)

4. IPA has not received any notice of claim from Plaintiff or his attorney. (Declaration of James A. Hewlett in support of Motion to Dismiss ("Hewlett Decl.") ¶ 5, filed concurrently herewith.)

5. LADWP has not received any notice of claim from Plaintiff or his attorney. (Declaration of J.R. White in support of Motion to Dismiss ("White Decl.") ¶ 5, filed concurrently herewith.)

---

[1] The statute is also known as the California Tort Claims Act. *City of Stockton v. Superior Court,* 171 P.3d 20, 27 (Cal. 2007).

3

6.      Plaintiff's Complaint does not allege that notice was provided to IPA or LADWP as required by the UGIA or CGCA.  (*See generally* Compl.)  He only alleges that notice was sent to IPA pursuant to Utah Code § 63G-4-201 (3)(a), part of the Utah Administrative Procedures Act, and Utah Regulation R641-114-100, which governs adjudicative proceedings before the Board of Oil, Gas and Mining.  (Compl. ¶¶ 8-9.)

7.      Regardless, Defendants have not received notice from Plaintiff under the Utah Administrative Procedures Act.  (Hewlett Decl. ¶ 5; White Decl. ¶ 5.)

4

## ARGUMENT

### I.  THE COURT SHOULD DISMISS PLAINTIFF'S COMPLAINT AGAINST IPA AND LADWP BECAUSE HIS CLAIMS ARE BARRED BY THE UGIA AND CGCA.

#### A.  Plaintiff Failed to Meet the UGIA Notice Requirements.

In Utah, governmental entities are immune from suit except as expressly provided by the

UGIA.  Utah Code Ann. § 63G-7-201; *see Bailey Service  Supply Corp. v. State By and Through*

*Road Comm'n*, 533 P.2d 882, 883 (Utah 1975).  The UGIA waives immunity and allow lawsuits

against governmental entities under certain limited circumstances.  Utah Code Ann.

§§ 63G-7-101, *et seq*.  To qualify for the waiver, an injured party must provide notice of his or

her claim to the governmental entity within the time and in the manner prescribed by the statute.

Utah Code. Ann. § 63G-7-401.  The UGIA has a strict notice of claim provision that states "a

claim against a governmental entity . . . is barred unless notice of claim is filed with the person

and according to the requirements of Section 63G-7-401 within one year after the claim arises

regardless of whether or not the function giving rise to the claim is characterized as

governmental."  Utah Code Ann. § 63G-7-402.

Failure to comply with the notice of claim provision in the UGIA "deprives the trial court

of subject matter jurisdiction." *Patterson v. American Fork City*, 2003 UT 7, ¶ 10, 67 P.3d 466,

470 (Utah, 2003) (citing *Rushton v. Salt Lake County,* 1999 UT 36, ¶ 18, 977 P.2d 1201).  Strict

compliance with the notice provision is required, and failure to meet those requirements is fatal

and cannot be remedied. *Wheeler v. McPherson*, 2002 UT 16, ¶¶ 11, 40 P.3d 632.  Utah courts

"have consistently and uniformly held that suit may not be brought against the state or its

5

subdivisions unless the requirements of the Governmental Immunity Act are strictly followed." *Id.* (quoting *Hall v. Utah State Dep't of Corr.*, 2001 UT 34 at ¶ 23, 24 P.3d 958). The UGIA "demands strict compliance" and the "notice of claim provision, particularly, neither contemplates nor allows for anything less." *Id.* ¶ 13.

Here, Plaintiff failed to provide any written notice of claim to IPA. Plaintiff's claims arose on August 16, 2007. To pursue a lawsuit against IPA, Plaintiff was required to file a notice of claim with IPA on or before August 16, 2008. Not only was he on notice because of the nature of his alleged injuries, but also by the fact that lawsuits had been filed by other affected miners and their families, which lawsuits were widely publicized. IPA has no record of ever receiving a notice claim, let alone a notice that meets the requirements of the UGIA or that was timely. (Hewlett Decl. ¶ 5.) Therefore, this Court is divested of jurisdiction over Plaintiff's claims against IPA, and the Court must dismiss Plaintiff's claims against IPA with prejudice.

### B. Plaintiff's Claims Against LADWP are Barred by the CGCA.

Plaintiff's claims are also barred against LADWP because he failed to provide timely written notice as required by the CGCA. Like Utah, California has a governmental immunity statute that governs claims against governmental entities. Cal. Gov. Code §§ 900, *et seq.* The CGCA requires that any claims against a governmental entity relating to a cause of action for injury to a person "shall be presented . . . not later than six months after the accrual of the cause of action." Cal. Gov. Code § 911.2. Failure to timely present a claim meeting the requirements of the statute "bars a plaintiff from filing a lawsuit against that entity." *State of California v. Superior Court (Bodde)*, 90 P.3d 116, 119 (Cal. 2004)); *Comm. for Immigrant Rights of Sonoma*

6

*County v. County of Sonoma*, 644 F. Supp. 2d 1177, 1205 (N. D Cal. 2009);. The filing of a claim is required even if the public entity had actual knowledge of the circumstances surrounding the claim. *City of Stockton v. Superior Court*, 171 P.3d 20, 738 (Cal. 2007) (citing *City of San Jose v. Superior Court* 525 P.2d 701, 738 (Cal. 1974)). Failure to allege facts in the complaint that demonstrate or excuse compliance with the claim presentation requirement in the CGCA "subjects a claim against a public entity to a demurrer for failure to state a cause of action." *State of California v. Superior Court (Bodde)*, 90 P.3d at 119.

For Plaintiff to bring a valid cause of action against LADWP, he was required to send LADWP a written notice of his claims meeting the requirements of the CGCA by February 16, 2008. As with IPA, Plaintiff failed to provide any written notice of his claims to LADWP. (White Decl. ¶ 5.) LADWP has no record of ever receiving notice or any other document from Plaintiff or his attorneys, and Plaintiff has not alleged that any such document was ever provided or that the requirement was excused. (*Id.*; *see generally* Compl.) Accordingly, Plaintiff's claims against LADWP are barred, and the Court should dismiss them with prejudice.

## CONCLUSION

For the foregoing reasons, the Court should grant IPA and LADWP's Motion to Dismiss and dismiss all claims against them with prejudice.

DATED this ___16th___ day of September, 2011.

Kevin N. Anderson, Esq.
Jason W. Hardin, Esq.
Fabian & Clendenin,
  a Professional Corporation

Attorneys for Defendants Intermountain Power
Agency, and Los Angeles Department of Water and
Power

8

## CERTIFICATE OF SERVICE

I hereby certify that on this ___16ᵗʰ___ day of September, 2011, I caused a true and correct

copy of the foregoing **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

**DEFENDANTS INTERMOUNTAIN POWER AGENCY AND LOS ANGELES**

**DEPARTMENT OF WATER AND POWER** to be delivered via United States Mail, postage

pre-paid, to:

        Sonny J. Olsen
        Dusten L. Heugly
        Daniel W. McKay
        HEIDEMAN, McKAY, HEUGLY, & OLSEN, LLC
        2696 North University Avenue, Suite 180
        Provo, UT  84604