Kevin N. Anderson (0100)
Jason W. Hardin (8793)
FABIAN & CLENDENIN,
  a Professional Corporation
215 South State Street, Suite 1200
Salt Lake City, Utah  84111-2323
Telephone:     (801) 531-8900
Facsimile:      (801) 596-2814
kanderson@fabianlaw.com
jhardin@fabianlaw.com

Attorneys for Defendants

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MITCH HORTON,<br><br>             Plaintiff,<br>vs.<br><br>MURRAY ENERGY CORPORATION, an Ohio corporation; UTAHAMERICAN ENERGY, INC., a Utah corporation; ANDALEX RESOURCES, INC., a Delaware corporation; AGAPITO ASSOCIATES, INC., a Colorado corporation; Mike Hewlett General Manager of INTERMOUNTAIN POWER AGENCY (IPA), a political subdivision of the State of Utah; 10 unknown persons working for or under the authority of INTERMOUNTAIN POWER AGENCY; LOS ANGELES DEPARTMENT OF WATER AND POWER (LADWP), a political subdivision of the State of California; 10 unknown persons working for or under the authority of LOS ANGELES DEPARTMENT OF WATER AND POWER; GENWAL RESOURCES, INC., an Ohio Corporation and JOHN DOES 1-10,<br><br>             Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING, IN PART, DEFENDANTS MURRAY ENERGY CORPORATION, UTAHAMERICAN ENERGY, INC., ANDALEX RESOURCES, INC., GENWAL RESOURCES, INC., INTERMOUNTAIN POWER AGENCY, LOS ANGELES DEPARTMENT OF WATER AND POWER, AND AGAPITO ASSOCIATES, INC.'S RESPECTIVE MOTIONS TO DISMISS**<br><br><br>Case No.:  2:11-cv-01147-DN<br><br>Judge David Nuffer |

Defendants Intermountain Power Agency ("**IPA**"), Los Angeles Department of Water and Power ("**LADWP**"), and General Manager of IPA's (together "**IPA Defendants**") Motion to Dismiss (Docket No. 9); Defendants Murray Energy Corporation ("**MEC**"), UtahAmerican Energy, Inc. ("**UEI**"), Andalex Resources, Inc. ("**ARI**"), and Genwal Resources, Inc.'s ("**GRI**") (collectively "**Murray Defendants**") Motion to Dismiss Plaintiff's Amended Complaint (Docket No. 11); and Agapito Associates, Inc.'s ("**Agapito**") F.R.C.P. 12(b)(6) Motion to Dismiss (Docket No. 14) were set for hearing before the District Judge David Nuffer on May 22, 2012. Plaintiff was represented by Dusten L. Heugly and Daniel W. McKay of Heideman, McKay, Heugly & Olsen.  IPA Defendants and Murray Defendants were represented by Kevin N. Anderson of Fabian & Clendenin.  Agapito was represented by Dale J. Lambert and Sarah E. Spencer.  Prior to the hearing, the Court had reviewed the Parties' respective memoranda in support of and in opposition to the motions and had carefully reviewed the other applicable pleadings and papers on file, and was fully advised in the premises.

At the hearing, the Court addressed the Professional Rescuer Doctrine defense raised by the Murray Defendants and Agapito.  The Court ruled that under current Utah law the Professional Rescuer Doctrine defense does not apply in this case.  The doctrine is limited to professional rescuers.  *Fordham v. Oldroyd,* 171 P.3d 411, 413 (Utah 2007);  *See also Normandeau v. Hanson Equip., Inc*., 233 P.3d 546 (Utah App. 2010).

The Court addressed the Murray Defendants' argument that Plaintiff's First through Fifth Causes of Action are barred by the Worker's Compensation Act.  Specifically, the Court addressed whether Plaintiff alleged facts sufficient to meet the "intentional injury" exception to the Worker's Compensation Act's exclusive remedy provision.  The Court discussed *Helf v.*

*Chevron U.S.A., Inc.*, 2009 UT 11, which holds that to meet the "intentional injury" exception a plaintiff must plead facts demonstrating that defendants (1) intended to act; and (2) intended to cause injury.  Plaintiff argued the Amended Complaint sets forth sufficient facts to meet the "intentional injury" exception.  Specifically, he relied on paragraphs 60, 61, 62, 64, 66, 71, 73, 86, 87, and 88 of his Amended Complaint.  After considering Plaintiff's arguments, and carefully considering Utah case law as summarized in *Helf*, including the paragraphs from the Amended Complaint cited by Plaintiff, the Court held that the allegations of Plaintiff's Amended Complaint fail to meet the requirements for the "intentional injury" exception as defined in *Helf.*, and that Plaintiff's First through Fifth Causes of Action against his employer Genwal Resources, Inc. are barred by the Worker's Compensation Act.

Additionally, the Court ruled that the Worker's Compensation Act's exclusive remedy provision applies to MEC, ARI, UEI, and GRI because the allegations in Plaintiff's Amended Complaint, as pled, establish that MEC, ARI, UEI and GRI were a single employing unit.

The Court granted Plaintiff thirty (30) days from entry of this Order for Plaintiff to amend and restate his Amended Complaint.  The Court reserved ruling on Plaintiff's Sixth Cause of Action – Section 1983 Violation – as to IPA, LADWP, MEC, UEI, ARI and GRI until after Plaintiff has filed a Second Amended Complaint.

Finally, Plaintiff stipulated to dismissal of his Sixth Cause of Action as against Agapito.  Plaintiff also stipulated to dismissal of the Second Cause of Action for Loss of Consortium as to all parties.

# ORDER

**IT IS HEREBY ORDERED** as follows:

1. Motion to Dismiss (Docket No. 9) filed by IPA Defendants is taken under advisement.

2. Motion to Dismiss Plaintiff's Amended Complaint (Docket No. 11) filed by Murray Defendants is GRANTED IN PART and otherwise taken under advisement.

3. Motion to Dismiss (Docket No. 14) filed by Agapito is GRANTED IN PART and otherwise taken under advisement.

4. Under Utah law, the Professional Rescuer Doctrine defense does not apply in this case and is therefore rejected.

5. Plaintiff's First Cause of Action for Personal Injuries is dismissed without prejudice as against MEC, UEI, ARI and GRI as barred by the Worker's Compensation Act.

6. Plaintiff's Second Cause of Action for Loss of Consortium is hereby dismissed with prejudice as to all Parties, by stipulation of the parties.

7. Plaintiff's Third Cause of Action for Strict Liability for Ultra-Hazardous Activities is dismissed without prejudice as to MEC, UEI, ARI and GRI as barred by the Worker's Compensation Act.

8. Plaintiff's Fourth Cause of Action for Premises Liability is dismissed without prejudice as to MEC, UEI, ARI and GRI as barred by the Worker's Compensation Act.

9. Plaintiff's Fifth Cause of Action for Infliction of Emotional Distress is dismissed without prejudice as to MEC, UEI, ARI and GRI as barred by the Worker's Compensation Act.

10. Plaintiff's Sixth Cause of Action for Section 1983 Violation is dismissed with

prejudice as to Agapito.

11.     Plaintiff shall have thirty (30) days from entry of this Order to file a Second Amended Complaint, by stipulation of the parties.

12.     The Court shall reserve ruling as to all other issues and claims, including, but not limited to, Plaintiff's Sixth Cause of Action for Section 1983 Violation and applicability of the subject statutes of limitation, until after Plaintiff has filed a Second Amended Complaint.

Dated July 5, 2012.

BY THE COURT:

_____
David Nuffer
United States District Judge