IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MITCH HORTON,<br><br>Plaintiff,<br>v.<br><br>MURRAY ENERGY CORPORATION, an Ohio corporation; UTAH AMERICAN ENERGY, INC., a Utah corporation; ANDALEX RESOURCES, INC., a Delaware corporation; AGAPITO ASSOCIATES, INC., a Colorado corporation; MIKE HEWLETT as General Manager of INTERMOUNTAIN POWER AGENCY, a political subdivision of the State of Utah; 10 unknown persons working for or under the authority of INTERMOUNTAIN POWER AGENCY; LOS ANGELES DEPARTMENT OF WATER AND POWER, a political subdivision of the State of California; 10 unknown persons working for or under the authority of LOS ANGELES DEPARTMENT OF WATER AND POWER; GENWAL RESOURCES, INC., an Ohio corporation; and JOHN DOES 1-10,<br>Defendants. | **MEMORANDUM DECISION AND ORDER DISMISSING PLAINTIFF'S 42 U.S.C. § 1983 CLAIMS AND REMANDING TO STATE COURT**<br><br>Case No. 2:11-cv-1147-DN<br><br>District Judge David Nuffer |

Before the court are:

- Intermountain Power Agency's ("IPA"), the General Manager of IPA, James Hewlett's, and Los Angeles Department of Water and Power's ("LADWP") (collectively the "IPA Defendants") motion to dismiss;[1]
- Murray Energy Corporation's ("MEC"), UtahAmerican Energy, Inc.'s ("UEI"), Andalex Resources, Inc.'s ("ARI"), and Genwal Resources, Inc.'s ("GRI") (collectively the "Murray Defendants") motion to dismiss;[2] and
- Agapito Associates, Inc.'s motion to dismiss.[3]

---

[1] Docket no. 49, filed September 5, 2012.

[2] Docket no. 51, filed September 5, 2012.

In this order, IPA Defendants' motion to dismiss[4] and the Murray Defendants' motion to dismiss[5] are GRANTED in part. Plaintiff's sixth cause of action, "Section 1983 Violation of Plaintiff's Civil Rights,"[6] is DISMISSED. The balance of Horton's remaining causes of action and any pending motions to dismiss those causes of action are remanded to the Third Judicial District Court for further proceedings.

## BACKGROUND

This case arises from what is commonly referred to as the Crandall Canyon Mine Disaster (the "Accident") that occurred in August 2007. Plaintiff Mitch Horton ("Horton") claims he was injured during an attempt to rescue several trapped miners on August 16, 2007.[7] On August 3, 2011, Horton filed suit in the Third Judicial District Court in and for Salt Lake County, State of Utah against Murray Energy Corporation ("MEC"), Utah American Energy, Inc. ("UEI"), Andalex Resources, Inc. ("ARI"), Agapito Associates, Inc. ("Agapito"), Intermountain Power Agency ("IPA"), and Los Angeles Department of Water and Power ("LADWP") asserting five causes of action arising from injuries he purportedly sustained in the Accident. After amending his complaint to add parties,[8] including but not limited to Mr. Mike Hewlett

---

[3] Docket no. 47, filed September 5, 2012. For the reasons set forth in this Memorandum Decision and Order, Agapito's motion will be remanded to the Third Judicial District Court for further proceedings.

[4] Docket no. 49, filed September 5, 2012.

[5] Docket no. 51, filed September 5, 2012.

[6] Second amended compl., docket no. 42 at pp. 37- 42.

[7] *Id.* at ¶¶ 10-11.

[8] Horton's amended complaint adds the following defendants: "Mike Hewlett General Manager of Intermountain Power Agency (IPA) a political subdivision of the State of Utah;" "10 unknown persons working for or under the authority of Intermounatin Power Agency;" and "10 unknown persons working for or under the authority of Los Angeles Department of Water and Power." It is unclear whether Horton intends on bringing suit against Mr. Hewlett or against IPA, as the amended and second amended complaints do not list IPA as a defendant in the caption of the suit, but do make allegations against IPA, yet Mr. Hewlett is named as a defendant in the caption of the amended and second amended complaints, but no allegations are made against him. Notwithstanding this lack of clarity, this issue is irrelevant to the 42 U.S.C § 1983 claims, so the court declines to address this issue.

("Hewlett"), general manager of IPA,[9] and to assert a cause of action under 42 U.S.C. § 1983 for violations of the Federal Mine Safety and Health Act[10] (the "Mine Act"), Horton's case was removed to this court on December 9, 2011.  Subsequently, each of the defendants filed respective motions to dismiss the amended complaint on various grounds.  The IPA Defendants' and the Murray Defendants' motions were based in part on the contentions that Horton's § 1983 claim was barred by the statute of limitations and that the Mine Act did not confer individual rights enforceable under § 1983.

On July 5, 2012, the court issued its memorandum decision and order[11] dismissing certain causes of action in Horton's amended complaint and reserving ruling on Horton's § 1983 claims until after Horton filed his second amended complaint.  Horton's second amended complaint[12] made significant changes to the facts and allegations of the first, second and fifth causes of action, but Horton's sixth cause of action was relatively unchanged.  Horton's sixth cause of action alleges in relevant part:

> 163.    The Mine Act directs "the Secretary of Health and Human Services and the Secretary of Labor to develop and promulgate improved mandatory health or safety standards to protect the health and safety of the Nation's coal or other miners," and it is mandatory "that each operator of a coal or other mine and every miner in such mine comply with such standards."
> …
> 165.    The Mine Act created a statutory civil right to safety and protection for miners, such as Plaintiff, enforceable under Section 1983.  Because the purpose of the Mining Act was to protect miners like Plaintiff Horton, the law is clear in imposing mandatory standards and/or requirements.[13]

---

[9] According to Defendants IPA and Hewlett, Plaintiff was notified that there is no "Mike Hewlett" who has served as General Manager of IPA, and that the current General Manager of IPA is James Hewlett.  Plaintiff failed to remedy this defect in his second amended complaint.

[10] 30 U.S.C. § 801 *et seq.*

[11] Docket no. 41.

[12] Docket no. 42, filed August 6, 2012.

[13] *Id.*

Horton's second amended complaint also lists several sections of the Code of Federal Regulations allegedly violated by various defendants, purportedly as a basis for his § 1983 cause of action.

All of the defendants again moved to dismiss Horton's second amended complaint. The IPA Defendants and the Murray Defendants renewed their arguments that Horton's sixth cause of action fails because it is barred by the statute of limitations and because the Mine Act does not confer individual rights enforceable under 42 U.S.C. § 1983. Horton argues that his sixth cause of action relates back under Rule 15(c)(1)(B) and that the Mine Act confers individual rights.

As detailed below, the Mine Act does not unambiguously confer individual rights to permit a cause of action under 42 U.S.C. § 1983.[14] Accordingly, Horton's sixth cause of action is dismissed.

## MOTION TO DISMISS STANDARD

Rule 12 of the Federal Rules of Civil Procedure allows a party to move to dismiss a plaintiff's claims for "failure to state a claim upon which relief can be granted."[15] When evaluating a motion to dismiss, the court must "accept as true all well-pleaded factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff."[16] "Well-pleaded factual allegations" are those allegations that include "enough facts to state a claim to relief that is plausible on its face."[17] Conclusory allegations are not facts and a complaint that makes "naked assertions devoid of further factual enhancement" will not suffice under

---

[14] Because Horton's sixth cause of action fails as a matter of law because the Mine Act does not create a private right of action, the IPA Defendants' and the Murray Defendants' arguments regarding the statute of limitations are moot and will not be addressed herein.

[15] Fed. R. Civ. P. 12(b)(6).

[16] *Rosenfield v. HSBC Bank, USA*, 681 F.3d 1172, 1178 (10th Cir. 1997).

[17] *Self v. Countrywide Home Loans, Inc.*, 2010 U.S. Dis. LEXIS 48976, *1 (D. Utah 2010) (applying *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)).

4

12(b)(6).[18] Regardless of the sufficiency of factual allegations, if the proposed legal theory behind the claim does not entitle the plaintiff to relief, dismissal is proper.

## DISCUSSION

42 U.S.C. § 1983 "imposes liability for violations of rights protected by the constitution or laws of the United States, not for violations of duties of care arising out of tort law."[19] "Remedies for the latter type of injury must be sought in state court under the traditional tort-law principles."[20] Section 1983 does not create rights, but "merely provides a mechanism for enforcing individual rights secured elsewhere, i.e., rights independently secured by the Constitution and laws of the United States."[21] Indeed, "[o]ne cannot go into court and claim a violation of § 1983 – for § 1983 by itself does not protect anyone against anything."[22]

The threshold inquiry, therefore, is whether the Mine Act confers individual rights that are enforceable under 42 U.S.C. § 1983. A three part test is used to determine whether a federal statute is enforceable under 42 U.S.C. § 1983. First, "Congress must have intended the [Mine Act] to benefit [Horton]."[23] Second, "[Horton] must demonstrate that the right assertedly protected by the [Mine Act] is not so vague and amorphous that its enforcement would strain judicial competence."[24] Third, "the [Mine Act] must unambiguously impose a binding obligation on the States."[25] Failure of any one of these elements requires dismissal of Horton's sixth cause of action.

---

[18] *Id.* at *2.

[19] *Archuleta v. McShan*, 897 F.2d 495, 496 (10th Cir. 1990); *see also Baker v. McCollan*, 443 U.S. 137, 146 (1979).

[20] *Id.*

[21] *Gonzaga Univ. v. Doe*, 536 U.S. 273, 285 (2002).

[22] *Id.* at 285 (citations omitted).

[23] *Blessing v. Freestone*, 520 U.S. 329, 340 (1997) (citations omitted).

[24] *Id.* at 340-41 (citations omitted).

[25] *Id.* at 341.

The United States Supreme Court applied these three factors in *Blessing v. Freestone*.[26] In that case, three Arizona mothers brought suit under § 1983 against the Director of the Arizona Department of Economic Security, alleging that the agency failed to take adequate steps to obtain child support payments from the fathers of their children. The Court held that Title IV-D of the Social Security Act did not confer specific, individually enforceable rights allowing the plaintiff mothers to bring suit under § 1983:

> Far from creating *individual* entitlement to services, the standard is simply a yardstick for the Secretary [of Health and Human Services] to measure the *systemwide* performance of a State's Title IV-D program. Thus, the Secretary [of Health and Human Services] must look to the aggregate services provided by the State, not to whether the needs of any particular person have been satisfied.[27]

Because the provision of the statute at issue in *Blessing* "focused on the aggregate services provided by the State, rather than the needs of any particular person, it conferred no individual rights and thus could not be enforced by § 1983."[28] *Blessing* emphasized: "[T]o seek redress through § 1983, … a plaintiff must assert the violation of a federal *right*, not merely a violation of federal law."[29]

That emphasis is equally important and applicable in evaluating Horton's sixth cause of action. While Horton may have alleged violations of federal law contained in the Mine Act and related regulations, Horton has not established that the Mine Act created any individual *rights*.[30]

---

[26] 520 U.S. 329 (1997).

[27] *Blessing*, 520 U.S. at 340.

[28] *Gonzaga Univ.*, 536 U.S. at 281.

[29] *Blessing*, 520 U.S. at 340 (emphasis in original).

[30] *See Alexander v. Sandoval*, 532 U.S. 275, 291 (2001) ("Language in a regulation may invoke a private right of action that Congress through statutory text created, but it may not create a right that Congress has not. Thus, when a statute has provided a general authorization for private enforcement of regulations, it may perhaps be correct that the intent displayed in each regulation can determine whether or not it is privately enforceable. But it is most certainly incorrect to say that language in a regulation can conjure up a private cause of action that has not been authorized by Congress. Agencies may play the sorcerer's apprentice but not the sorcerer himself.")

Additionally, the fact that Horton is a miner and an intended beneficiary of the Mine Act does not necessarily endow him with the requisite individual rights. This "general zone of interest" theory was flatly rejected by the Supreme Court in *Gonzaga Univ. v. Doe*. In that case, the plaintiff claimed that because the Family Educational Rights and Privacy Act of 1974 (FERPA) benefitted a class of putative plaintiffs, Congress therefore intended it to confer individual rights enforceable under § 1983. The Court disagreed, holding that Congress must have "unambiguously conferred" individual rights in a statute to permit a private right of action to enforce the statute under 42 U.S.C. § 1983.[31] "Section 1983 provides a remedy only for deprivation of rights, privileges, or immunities secured by the Constitution and laws of the United States."[32] "[I]t is *rights*, not the broader or vaguer 'benefits' or 'interests,' that may be enforced under the authority of [§ 1983]."[33]

Because Congress did not unambiguously intend for the Mine Act to create individual rights, Horton cannot enforce it under 42 U.S.C. § 1983. "The question whether Congress … intended to create a private right of action [is] definitively answered in the negative where a statute by its terms grants no private rights to any identifiable class."[34] "[W]here the text and structure of a statute provide no indication that Congress intends to create new individual rights, there is no basis for a private suit, whether under § 1983 or under an implied right of action."[35]

---

[31] *Gonzaga*, 536 U.S. at 283.

[32] *Id.*

[33] *Id*.

[34] *Id.* at 283-84 (quoting *Cannon v. University of Chicago*, 441 U.S. 677, 692, n. 13 (1979)).

[35] *Id.* at 286.

7

Indeed, the language of the Mine Act is in stark contrast to the language of federal statutes that *do* unambiguously confer individual rights. For example, Title VI of the Civil Rights Act of 1964 has "an *unmistakable focus* on the benefited class:"[36]

> *No person* in the United States *shall* … be subject to discrimination under any program or activity receiving Federal financial assistance.[37]

Similarly, Title IX of the Education Amendments of 1972, which also confers individual rights, states:

> *No person* in the United States *shall*, on the basis of sex, … be subjected to discrimination under any education program or activity receiving Federal financial assistance...[38]

The Mine Act contains no such language that "unambiguously confers" individual rights on Horton that are enforceable under 42 U.S.C. § 1983. Rather, the Mine Act, like FERPA in *Gonzaga*, contains no "rights-creating language critical to showing the requisite congressional intent to create new rights"[39] and instead has an "aggregate, not individual, focus"[40] on the safe operation of mines. The lack of unambiguous rights creating language is fatal to Horton's sixth cause of action.

Because Horton's sixth cause of action is dismissed, and because diversity jurisdiction does not exist in this case, the court declines to exercise its supplemental jurisdiction over the remaining state law claims, none of which arise under federal law.[41] Horton's remaining claims are therefore remanded to the Third Judicial District Court.

---

[36] *Gonzaga*, 536 U.S. at 284 (emphasis in original) (quotations omitted).

[37] 42 U.S.C. 2000d (emphasis added).

[38] 20 U.S.C. 1681(a) (emphasis added).

[39] *Gonzaga*, 536 U.S. at 287.

[40] *Id.* at 290.

[41] 28 U.S.C. 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction … if the district court has dismissed all claims over which it has original jurisdiction."); *see also Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the

**CONCLUSION AND ORDER**

For the reasons set forth herein, the Federal Mine Safety and Health Act does not confer individual rights to Horton.

IT IS THEREFORE ORDERED that Defendants Intermountain Power Agency's, the General Manager of IPA, James Hewlett's, and Los Angeles Department of Water and Power's motion to dismiss ([docket no. 49](docket no. 49)) and Defendants Murray Energy Corporation's, UtahAmerican Energy, Inc.'s, Andalex Resources, Inc.'s, and Genwal Resources, Inc.'s motion to dismiss ([docket no. 51](docket no. 51)) are GRANTED IN PART.

IT IS FURTHER ORDERED that Plaintiff Mitch Horton's sixth cause of action is DISMISSED.

IT IS FURTHER ORDERED that the balance of Plaintiff Mitch Horton's claims, along with any pending motions to dismiss those claims, are REMANDED to the Third Judicial District Court, Salt Lake County, State of Utah for further proceedings.

Dated August 6, 2013.

BY THE COURT:

_____
David Nuffer
United States District Judge

---

balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims."), *superseded on other grounds by statute as recognized in* Fent v. Okla. Water Res. Bd., 235 F.3d 553, 557 (10th Cir. 2000).